IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLA MAE JACKSON, | ) | |
| | ) | CASE NO. |
| Plaintiff, | ) | |
| | ) | 06CV1765 |
| v. | ) | JUDGE CASTILLO |
| | ) | MAGISTRATE MASON |
| CHICAGO POLICE OFFICERS | ) | |
| NICHOLAS CORTESI (Star No. 15112), | ) | |
| JAMES GEISBUSH (Star No. 16422), | ) | |
| ROBERT SCHULTZ (Star No. 13882), | ) | |
| all in their individual capacities; and the | ) | |
| CITY OF CHICAGO, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, WILLA MAE JACKSON ("Ms. Jackson"), by her counsel, for her complaint against defendants CHICAGO POLICE OFFICER NICHOLAS CORTESI (Star No. 15112), CHICAGO POLICE OFFICER JAMES GEISBUSH (Star No. 16422) and CHICAGO POLICE OFFICER ROBERT SCHULTZ (Star No. 13882) all in their individual capacities and the CITY OF CHICAGO ("City") alleges as follows:

### INTRODUCTION

1. This is a civil rights action for damages brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C.§§ 1983 and 1988.

2. This is a case of police brutality. Plaintiff complains that on or about April 6, 2004, the Defendants, Chicago Police Officer Nicholas Cortesi, star number 15112 ("Officer Cortesi"), Chicago Police Officer James Geisbush, star number 16422 ("Officer Geisbush"), and

1

Chicago Police Officer Robert Schultz, star number 13882 ("Officer Schultz") (collectively "Individual Defendants") beat her and arrested her without legal justification, causing her significant physical pain and emotional distress.

## JURISDICTION

3. The Court has subject matter jurisdiction over Ms. Jackson's claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3) and 1343(a)(4).

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 because all defendants reside in the district.

## PARTIES

5. Mr. Jackson is a 35 year-old African-American woman, a resident of Cook County, Illinois and a citizen of the United States.

6. Defendants Nicholas Cortesi, James Geisbush, and Robert Schultz are sworn officers of the Chicago Police Department who are sued in their individual capacities for actions they took by virtue of their authority as police officers.

7. Defendant Nicholas Cortesi, at all times relevant to this Complaint, acted under the color of state law as a police officer of the City of Chicago, and acted in the course and within the scope of his employment.

8. Defendant James Geisbush, at all times relevant to this Complaint, acted under the color of state law as a police officer of the City of Chicago, and acted in the course and within the scope of his employment.

9. Defendant Robert Schultz, at all times relevant to this Complaint, acted under the color of state law as a police officer of the City of Chicago, and acted in the course and within

2

the scope of his employment.

10. Defendant City of Chicago ("City") is an Illinois Municipal Corporation that operates the Chicago Police Department. The City was, at all times material to this Complaint, the employer and principal of the Individual Defendants.

## FACTS

11. At approximately 9:30 p.m. on April 6, 2004, the Plaintiff, Willa Mae Jackson, encountered Defendants Cortesi, Geisbush, and Schultz outside her home in the Ida B. Wells housing project, a Chicago Housing Authority residence located at 547 E. 37th Street in Chicago, Illinois.

12. Plaintiff was informed by a friend that police officers were chasing her fourteen year-old son, Gregory Jackson (hereafter "Gregory"), and at least two other youths through the Ida B. Wells housing project.

13. Shortly thereafter, Plaintiff's son, Gregory, ran up to Plaintiff. Gregory then told Plaintiff that the police were chasing him and he did not know why.

14. Plaintiff and Gregory were then approached by Officers Cortesi, Geisbush, and Schultz.

15. Defendant Cortesi grabbed Gregory by the throat and began choking him. When Plaintiff asked Defendant Cortesi what Gregory did, Cortesi called Plaintiff a "bitch" and told her to "mind your own business."

16. Plaintiff then told Defendant Cortesi to leave her son alone.

3

17. Defendant Cortesi then told Defendants Geisbush and Schultz to restrain Gregory. Defendant Cortesi then grabbed Plaintiff by her neck and pushed the left side of her face against a brick wall.

18. Defendant Cortesi then began punching Plaintiff in her back, stomach, and face.

19. While Defendant Cortesi was punching Plaintiff, Plaintiff pleaded with Defendant Cortesi to stop, telling him that she was pregnant.

20. In response to Plaintiff's pleas, Defendant Cortesi stated, "I don't care bitch, I'll make you lose that nigger baby."

21. Defendants Geisbush and Schultz restrained Gregory while Defendant Cortesi punched and kicked Plaintiff.

22. At no time did Defendants Geisbush and Schultz attempt to stop Defendant Cortesi from beating Plaintiff. Defendants Geisbush and Schultz acquiesced to the unlawful beating of Plaintiff.

23. Defendant Cortesi then threw Plaintiff to the ground and forcibly placed his knee on Plaintiff's back. Defendant Cortesi placed the Plaintiff in handcuffs.

24. As she was being beaten by Defendant Cortesi, Plaintiff began to experience an asthma attack. Plaintiff informed Defendant Cortesi that she needed her asthma inhaler. A witness attempted to give Plaintiff her asthma inhaler but Defendants Cortesi, Geisbush and Schultz refused to give it to her.

25. Defendants Geisbush and Schultz assisted Defendant Cortesi in the unlawful arrest and beating of Plaintiff.

4

26. Backup officers then arrived on the scene and transported Plaintiff to a police station at 37th and Cottage Grove in Chicago. At the police station, Plaintiff was placed in a holding room. While in the holding room, Plaintiff was slapped by a female officer of the Chicago Police Department.

27. While in the holding room, Defendant Cortesi continued to yell at and berate Plaintiff. Defendant Cortesi told Plaintiff that he and other Individual Defendants had beaten her son.

28. Plaintiff was detained in the custody of the Chicago Police Department for approximately the next 20 hours.

29. At no time during the incidents described above did Plaintiff resist arrest.

30. There was no probable cause to arrest Plaintiff.

31. Plaintiff was charged with the crimes of battery and trespassing.

32. The Individual Defendants had no cause to use force on Plaintiff.

33. On the day Plaintiff's criminal case was set to go to trial, the State dismissed all charges against Plaintiff.

34. Plaintiff suffered injuries requiring medical treatment as a result of the actions of the Individual Defendants described above.

35. The Individual Defendants use of force against Plaintiff, as described above, was excessive, unreasonable, and unsupported by any legal justification.

36. As a direct and proximate result of the conduct of the Individual Defendants described above, Plaintiff was deprived of her rights, suffered physical injuries to her head and other parts of her body; suffered mental distress and anguish; suffered humiliation,

embarrassment, discomfort, fear, anxiety, and loss of enjoyment of life; and suffered a loss of liberty for crimes she did not commit.

37. The aforementioned actions of the Individual Defendants were undertaken with malice and/or reckless indifference to Plaintiff's federally protected rights.

### COUNT I: FOURTH AND FOURTEENTH AMENDMENTS
(Excessive Force Against Individual Defendants)

38. Plaintiff re-alleges and incorporates herein paragraphs 1 through 37 above.

39. Plaintiff asserts Count I, arising under 42 U.S.C. § 1983 against Officer Cortesi, Officer Geisbush, and Officer Schultz in their individual capacities.

40. The Individual Defendants' actions, in beating and otherwise using unreasonable and unjustifiable force against Plaintiff, without legal justification, violated Plaintiff's Fourth and Fourteenth Amendment rights to be secure in her person, papers and effects against unreasonable seizure and to be free from excessive and unreasonable force.

41. The Individual Defendants' actions were the direct and proximate cause of Plaintiff's constitutional rights violations, her physical injuries, and mental suffering, as set forth more fully above.

42. The Individual Defendants' actions were malicious, intentional willful, wanton and shocking to the conscience. The Individual Defendants exhibited a conscious disregard or reckless indifference to Plaintiff's rights and personal safety. The award of punitive damages is necessary to punish the Individual Defendants for their misconduct and to deter similar misconduct in the future.

WHEREFORE, Plaintiff prays that the Court:

(A) Award Plaintiff judgment against the Individual Defendants for actual and compensatory damages in an amount to be determined at trial;

(B) Award Plaintiff judgment against the Individual Defendants for appropriate punitive damages in an amount to be determined at trial;

(C) Award costs, expenses, and reasonable attorneys' fees pursuant to 42 U.S.C.§ 1988; and

(D) Grant such other and further relief as this Court deems equitable and just.

## COUNT II: FOURTH AND FOURTEENTH AMENDMENTS
(Unlawful Arrest Against the Individual Defendants)

43. Plaintiff re-alleges and incorporates herein paragraphs 1 through 42 above.

44. Plaintiff asserts Count II, arising under 42 U.S.C. § 1983 against the Individual Defendants in their individual capacities.

45. The Individual Defendants' actions, in illegally detaining and arresting Plaintiff, without probable cause that she committed an illegal action, violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable seizures.

46. The Individual Defendants actions were the direct and proximate cause of Plaintiff's constitutional rights violations, her loss of liberty, and mental suffering, as set forth more fully above.

47. The Individual Defendants actions were malicious, intentional willful, wanton and shocking to the conscience. The Individual Defendants exhibited a conscious disregard or reckless indifference to Plaintiff's rights and personal safety. The award of punitive damages is

necessary to punish the Individual Defendants for their misconduct and to deter similar misconduct in the future.

WHEREFORE, Plaintiff prays that the Court:

(A) Award Plaintiff judgment against the Individual Defendants for actual and compensatory damages in an amount to be determined at trial:

(B) Award Plaintiff judgment against the Individual Defendants for appropriate punitive damages in an amount to be determined at trial;

(C) Award costs, expenses, and reasonable attorneys' fees pursuant to 42 U.S.C.§ 1988; and

(D) Grant such other and further relief as this Court deems equitable and just.

## COUNT III: LOCAL GOVERNMENT TORT IMMUNITY ACT
(Against Defendant City of Chicago)

48. Plaintiff realleges and incorporates herein paragraphs 1 through 47 above.

49. Count III of this Complaint is an Illinois statutory claim against Defendant City of Chicago.

50. Defendant City of Chicago is the employer of individual defendants.

51. The individual defendants committed the acts alleged above under color of state law and in the scope of their employment as an employees of City of Chicago.

WHEREFORE, should Defendant Police Officers be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment Plaintiff obtains thereon against Defendant Police Officers, as well as for all attorneys' fees and costs awarded thereon.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS.

Respectfully submitted,

_____
Plaintiff's Attorney

Scott J. Frankel
Robert R. Cohen
Matthew D. Lango
Frankel & Cohen
77 W. Washington #1720
Chicago, Illinois 60602
(312) 759-9600

Date: March 30, 2006