IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLA MAE JACKSON, and GREGORY JACKSON,<br><br>    Plaintiffs,<br><br>v.<br><br>CHICAGO POLICE OFFICERS NICHOLAS CORTESI (Star No. 15112), JAMES GEISBUSH (Star No. 16422), ROBERT SCHULTZ (Star No. 13882), all in their individual capacities; and the CITY OF CHICAGO,<br><br>    Defendants. | CASE NO. 06 C 1765<br><br>Judge Castillo<br><br>Magistrate Judge Mason<br><br><br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT**

Plaintiffs, WILLA MAE JACKSON ("Ms. Jackson") and GREGORY JACKSON, by their counsel, for their complaint against defendants CHICAGO POLICE OFFICER NICHOLAS CORTESI (Star No. 15112), CHICAGO POLICE OFFICER JAMES GEISBUSH (Star No. 16422) and CHICAGO POLICE OFFICER ROBERT SCHULTZ (Star No. 13882) all in their individual capacities and the CITY OF CHICAGO ("City") allege as follows:

INTRODUCTION

    1.    This is a civil rights action for damages brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C.§§ 1983 and 1988.

    2.    This is a case of police brutality. Plaintiffs complain that on or about April 6, 2004, the Defendants, Chicago Police Officer Nicholas Cortesi, star number 15112 ("Officer Cortesi"), Chicago Police Officer James Geisbush, star number 16422 ("Officer Geisbush"), and

1

Chicago Police Officer Robert Schultz, star number 13882 ("Officer Schultz") (collectively "Individual Defendants") beat Plaintiffs and arrested Plaintiffs without legal justification, causing them significant physical pain and emotional distress.

## JURISDICTION

3. The Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C.§§1331 and 1343(a)(3) and 1343(a)(4).

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C.§ 1391 because all Defendants reside in the district.

## PARTIES

5. Ms. Jackson is a 35 year-old African-American woman, a resident of Cook County, Illinois and a citizen of the United States.

6. Gregory Jackson is a 16 year-old African American male, a resident of Cook County, Illinois and a citizen of the United States.

7. Defendants Nicholas Cortesi, James Geisbush, and Robert Schultz are sworn officers of the Chicago Police Department who are sued in their individual capacities for actions they took by virtue of their authority as police officers.

8. Defendant Nicholas Cortesi, at all times relevant to this Complaint, acted under the color of state law as a police officer of the City of Chicago, and acted in the course and within the scope of his employment.

9. Defendant James Geisbush, at all times relevant to this Complaint, acted under the color of state law as a police officer of the City of Chicago, and acted in the course and within the scope of his employment.

10. Defendant Robert Schultz, at all times relevant to this Complaint, acted under the color of state law as a police officer of the City of Chicago, and acted in the course and within the scope of his employment.

11. Defendant City of Chicago ("City") is an Illinois Municipal Corporation that operates the Chicago Police Department. The City was, at all times material to this Complaint, the employer and principal of the Individual Defendants.

FACTS

12. At approximately 9:25 p.m. on April 6, 2004, Plaintiff Gregory Jackson, age 14, was walking toward his apartment in the Ida B. Wells housing project. As he was walking, Gregory Jackson realized that he was being pursued by an unmarked police car. Gregory Jackson began to run through the Ida B. Well complex toward his apartment.

13. At approximately 9:30 p.m. on April 6, 2004, Plaintiff Willa Mae Jackson encountered Defendants Cortesi, Geisbush, and Schultz outside her home in the Ida B. Wells housing project, a Chicago Housing Authority residence located at 547 E. 37th Street in Chicago, Illinois.

14. Ms. Jackson was informed by a friend that police officers were chasing her fourteen year-old son, Gregory Jackson, through the Ida B. Wells housing project.

15. Shortly thereafter, Ms. Jackson's son, Gregory, ran up to Ms. Jackson. Gregory then told Ms. Jackson that the police were chasing him and he did not know why.

16. Ms. Jackson and Gregory were then approached by Officers Cortesi, Geisbush, and Schultz.

17. Defendant Cortesi grabbed Gregory by the throat and began choking him. When

3

Ms. Jackson asked Defendant Cortesi what Gregory did, Cortesi called Ms. Jackson a "bitch" and told her to "mind your own business."

19. Ms. Jackson then told Defendant Cortesi to leave her son alone.

19. Defendant Cortesi then told Defendants Geisbush and Schultz to restrain Gregory. Defendant Cortesi then grabbed Ms. Jackson by her neck and pushed the left side of her face against a brick wall.

20. Defendant Cortesi then began punching Ms. Jackson in her back, stomach, and face.

21. While Defendant Cortesi was punching Ms. Jackson, she pleaded with Defendant Cortesi to stop, telling him that she was pregnant.

22. In response to Ms. Jackson's pleas, Defendant Cortesi stated, "I don't care bitch, I'll make you lose that nigger baby."

23. Defendants Geisbush and Schultz restrained Gregory while Defendant Cortesi punched and kicked Ms. Jackson.

24. At no time did Defendants Geisbush and Schultz attempt to stop Defendant Cortesi from beating Ms. Jackson. Defendants Geisbush and Schultz acquiesced to the unlawful beating of Ms. Jackson.

25. Defendant Cortesi then threw Ms. Jackson to the ground and forcibly placed his knee on Ms. Jackson's back. Defendant Cortesi placed the Ms. Jackson in handcuffs.

26. As she was being beaten by Defendant Cortesi, Ms. Jackson began to experience an asthma attack. Ms. Jackson informed Defendant Cortesi that she needed her asthma inhaler. A witness attempted to give Ms. Jackson her asthma inhaler but Defendants Cortesi, Geisbush

and Schultz refused to give it to her.

27. Defendants Geisbush and Schultz assisted Defendant Cortesi in the unlawful arrest and beating of Ms. Jackson and Gregory Jackson.

28. Backup officers then arrived on the scene and transported Ms. Jackson to a police station at 37th and Cottage Grove in Chicago. At the police station, Ms. Jackson was placed in a holding room. While in the holding room, Ms. Jackson was slapped by a female officer of the Chicago Police Department.

29. While in the holding room, Defendant Cortesi continued to yell at and berate Ms. Jackson. Defendant Cortesi told Ms. Jackson that he and other Individual Defendants had beaten her son.

30. Ms. Jackson was detained in the custody of the Chicago Police Department for approximately the next 20 hours.

31. At no time during the incidents described above did Ms. Jackson or Gregory Jackson resist arrest.

32. There was no probable cause to arrest Ms. Jackson or Gregory Jackson.

33. Ms. Jackson was charged with the crimes of battery and trespassing.

34. The Individual Defendants had no cause to use force on Ms. Jackson or Gregory Jackson.

35. On the day Ms. Jackson's criminal case was set to go to trial, the State dismissed all charges against Ms. Jackson.

36. Ms. Jackson and Gregory Jackson suffered injuries requiring medical treatment as a result of the actions of the Individual Defendants described above.

37. The Individual Defendants use of force against Ms. Jackson and Gregory Jackson, as described above, was excessive, unreasonable, and unsupported by any legal justification.

38. As a direct and proximate result of the conduct of the Individual Defendants described above, Ms. Jackson and Gregory Jackson were deprived of their rights, suffered physical injuries to her head and other parts of their bodied; suffered mental distress and anguish; suffered humiliation, embarrassment, discomfort, fear, anxiety, and loss of enjoyment of life; and suffered a loss of liberty for crimes they did not commit.

39. The aforementioned actions of the Individual Defendants were undertaken with malice and/or reckless indifference to Ms. Jackson's and Gregory Jackson's federally protected rights.

**COUNT I: FOURTH AND FOURTEENTH AMENDMENTS**
(Excessive Force Against Individual Defendants)

40. Plaintiffs reallege and incorporates herein paragraphs 1 through 39 above.

41. Plaintiffs assert Count I, arising under 42 U.S.C. § 1983 against Officer Cortesi, Officer Geisbush, and Officer Schultz in their individual capacities.

42. The Individual Defendants' actions, in beating and otherwise using unreasonable and unjustifiable force against Plaintiffs, without legal justification, violated Plaintiffs' Fourth and Fourteenth Amendment rights to be secure in their person, papers and effects against unreasonable seizure and to be free from excessive and unreasonable force.

43. The Individual Defendants' actions were the direct and proximate cause of Plaintiffs' constitutional rights violations, their physical injuries, and mental suffering, as set forth more fully above.

44. The Individual Defendants' actions were malicious, intentional willful, wanton and shocking to the conscience. The Individual Defendants exhibited a conscious disregard or reckless indifference to Plaintiffs' rights and personal safety. The award of punitive damages is necessary to punish the Individual Defendants for their misconduct and to deter similar misconduct in the future.

WHEREFORE, Plaintiffs pray that the Court:

(A) Award Plaintiffs judgment against the Individual Defendants for actual and compensatory damages in an amount to be determined at trial:

(B) Award Plaintiffs judgment against the Individual Defendants for appropriate punitive damages in an amount to be determined at trial;

(C) Award costs, expenses, and reasonable attorneys' fees pursuant to 42 U.S.C.§ 1988; and

(D) Grant such other and further relief as this Court deems equitable and just.

### COUNT II: FOURTH AND FOURTEENTH AMENDMENTS
(Unlawful Arrest Against the Individual Defendants )

45. Plaintiffs reallege and incorporates herein paragraphs 1 through 44 above.

46. Plaintiffs assert Count II, arising under 42 U.S.C. § 1983 against the Individual Defendants in their individual capacities.

47. The Individual Defendants' actions, in illegally detaining and arresting Plaintiffs, without probable cause that they committed an illegal action, violated Plaintiffs' Fourth and Fourteenth Amendment rights to be free from unreasonable seizures.

48. The Individual Defendants actions were the direct and proximate cause of Plaintiffs' constitutional rights violations, their loss of liberty, and mental suffering, as set forth more fully above.

49. The Individual Defendants actions were malicious, intentional willful, wanton and shocking to the conscience. The Individual Defendants exhibited a conscious disregard or reckless indifference to Plaintiffs' rights and personal safety. The award of punitive damages is necessary to punish the Individual Defendants for their misconduct and to deter similar misconduct in the future.

WHEREFORE, Plaintiffs pray that the Court:

(A) Award Plaintiffs judgment against the Individual Defendants for actual and compensatory damages in an amount to be determined at trial:

(B) Award Plaintiffs judgment against the Individual Defendants for appropriate punitive damages in an amount to be determined at trial;

(C) Award costs, expenses, and reasonable attorneys' fees pursuant to 42 U.S.C.§ 1988; and

(D) Grant such other and further relief as this Court deems equitable and just.

**COUNT III: LOCAL GOVERNMENT TORT IMMUNITY ACT**
(Against Defendant City of Chicago)

50. Plaintiffs reallege and incorporates herein paragraphs 1 through 49 above.

51. Count III of this Complaint is an Illinois statutory claim against Defendant City of Chicago.

52. Defendant City of Chicago is the employer of individual defendants.

53. The Individual Defendants committed the acts alleged above under color of state law and in the scope of their employment as an employees of City of Chicago.

WHEREFORE, should Defendant Police Officers be found liable on one or more of the claims set forth above, Plaintiffs demand that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment Plaintiffs obtain thereon against Defendant Police Officers, as well as for all attorneys' fees and costs awarded thereon.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL CLAIMS.

Respectfully submitted,

**/s/ Scott J. Frankel**
Plaintiffs' Attorney


Scott J. Frankel
Robert R. Cohen
Matthew D. Lango
Frankel & Cohen
77 W. Washington #1720
Chicago, Illinois 60602
(312) 759-9600

Date: May 25, 2006